UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK **CV 13 5771**
-----------------------------------------------------
LAVON SMITH,

        Plaintiff,

                              **COMPLAINT &**
   v.                          **JURY DEMAND**

THE CITY OF NEW YORK,
NEW YORK CITY POLICE OFFICER
ALLAN RINVIL, Shield # 18767, TRANSIT BUREAU, *MAUSKOPF, J.*
NEW YORK CITY POLICE OFFICER
ILEEN ESTEVEZ, Shield # 10962, TRANSIT BUREAU,
NEW YORK CITY POLICE OFFICER
VICTOR APPEL, Shield # 00547, TRANSIT BUREAU,
NEW YORK CITY POLICE OFFICER **POLLAK, M.J**
JOSEPH KRUK, Shield # 31975, PSA-7,
NEW YORK CITY POLICE OFFICER
ANTHONY RENDO, Shield # 14109, PSA-7,
NEW YORK CITY POLICE OFFICR
LUKE PAULSON, Shield # 18254, PSA-7

                  Defendant(s).
-----------------------------------------------------X

## PRELIMINARY STATEMENT

    1. This is a Civil Rights action in which Plaintiff, LAVON SMITH, seeks redress for the

Defendant's violation of rights secured by the Civil Rights Act of 1866 and 1871, 42 U.S.C. 1983

and of the rights secured by the Fourth Amendment, and by the Equal Protection Clauses of the

Fourteenth Amendment to the United States Constitution and/or rights secured by under the laws and

Constitution of the State of New York.

## JURISDICTION

    2. Jurisdiction is conferred upon this Court by 28 U.S.C. Sections 1331, 1343(3), this being

–1–

an action seeking redress for the violation of Plaintiff's Constitutional and Civil Rights. The amount of damages in controversy exceeds Seventy Five Thousand ($75,000.00) Dollars, exclusive of interest and costs.

3. Plaintiff's claim for declaratory and injunctive relief is authorized by 28 U.S.C. sections 2201 and 2202 and Rule 57 of the Federal Rules of Civil Procedure.

4. The Plaintiff further invokes this Court's pendant jurisdiction, pursuant to 28 U.S.C. Section 1367(a), over any and all State claims and as against all parties that are so related to claims in this action within the original jurisdiction of this Court that they form part of the same case or controversy.

5. The Plaintiff demands a trial by jury on each and every one of the claims pleaded herein.

**VENUE**

6. Venue is proper for the United States District Court of the Eastern District of New York pursuant to 28 U.S.C. Sections 1391 (a), (b) and (c).

**PARTIES**

7. The Plaintiff, LAVON SMITH is a United States Citizen and resident of the United States, and is and at all times relevant herein a resident of the State of New York.

8. Defendants, NEW YORK CITY POLICE OFFICERS ALLAN RINVIL, Shield Number 18767, TRANSIT BUREAU, NEW YORK CITY POLICE OFFICER ILEEN ESTEVEZ, Shield Number 10962, TRANSIT BUREAU, NEW YORK CITY POLICE OFFICER VICTOR APPEL, Shield Number 00547, TRANSIT BUREAU, NEW YORK CITY POLICE OFFICER JOSEPH KRUK, Shield Number 31975, PSA-7, NEW YORK CITY POLICE OFFICER ANTHONY

RENDO, Shield Number 14109, PSA-7 and NEW YORK CITY POLICE OFFICER LUKE PAULSON, Shield Number 18254, PSA-7, upon information and belief, are and at all times relevant, Officers and employees/agents of THE NEW YORK CITY POLICE DEPARTMENT, a municipal agency of Defendant CITY OF NEW YORK. Named Defendants, NEW YORK CITY POLICE OFFICERS ALLAN RINVIL, ILEEN ESTEVEZ, VICTOR APPEL, JOSEPH KRUK, ANTHONY RENDO and LUKE PAULSON are sued individually and in their official capacity. At all times relevant, Defendants, NEW YORK CITY POLICE OFFICERS ALLAN RINVIL, ILEEN ESTEVEZ, VICTOR APPEL, JOSEPH KRUK, ANTHONY RENDO and LUKE PAULSON were acting under the color of State Law in the course and scope of their duties and functions as agents, servants, employees and Officers of THE NEW YORK CITY POLICE DEPARTMENT and Defendant CITY OF NEW YORK and otherwise performed and engaged in conduct incidental to the performance of their lawful duties. Defendants, NEW YORK CITY OFFICERS ALLAN RINVIL, ILEEN ESTEVEZ, VICTOR APPEL, JOSEPH KRUK, ANTHONY RENDO and LUKE PAULSON were acting for and on behalf of THE NEW YORK CITY POLICE DEPARTMENT at all times relevant herein with the power and authority vested in them as police officers, agents and employees of THE NEW YORK CITY POLICE DEPARTMENT and Defendant CITY OF NEW YORK, and incidental to the lawful pursuit of their duties as Officers, employees and agents of THE NEW YORK CITY POLICE DEPARTMENT and Defendant CITY OF NEW YORK.

9. Defendant CITY OF NEW YORK is a municipal entity created and authorized under the laws of the State of New York. It is authorized by law to maintain a Police Department which acts as its agent in the area of Law Enforcement and for which it is ultimately responsible. Defendant CITY OF NEW YORK assumes the risks incidental to the maintenance of a Police Department and

–3–

the employment of Police Officers as said risk attaches to the public consumers of the services provided by THE NEW YORK CITY POLICE DEPARTMENT.

10. THE NEW YORK CITY POLICE DEPARTMENT, while not a named Defendant, is nevertheless a municipal entity created and authorized under the laws of the State of New York. It is authorized by law to carry out all police functions for Defendant CITY OF NEW YORK and assumes the risk incidental to the maintenance of a police force and the employment of Police Officers, including the named Defendant Officers.

<h2 style="text-align:center">STATEMENT OF FACTS</h2>

11. On October 23, 2010 at approximately 8:30 p.m. Plaintiff and a co-worker were en route to the subway station in the vicinity of Chauncey Street and Broadway in Kings County. The Plaintiff extinguished his cigarette and proceeded to go up the stairs to purchase a metro-card at the vending machine when he was approached by Defendant NEW YORK CITY POLICE OFFICER ALLAN RINVIL of the TRANSIT BUREAU, Defendant NEW YORK CITY POLICE OFFICER ILEEN ESTEVEZ and Defendant NEW YORK CITY POLICE OFFICER VICTOR APPEL also of the TRANSIT BUREAU. Defendant NEW YORK CITY POLICE OFFICER RINVIL proceeded to ask the Plaintiff to produce identification. The Plaintiff complied with the Defendant Officer's order, whereupon Defendant NEW YORK CITY POLICE OFFICER RINVIL asked the Plaintiff in sum and substance" "have you ever been arrested before?" When the Plaintiff responded in the affirmative, Defendant NEW YORK CITY POLICE OFFICER ALLAN RINVIL stated in sum and substance "there's a new law, if you've been arrested before we can't give you a summons, we have to take you in." The Plaintiff then asked Defendant NEW YORK CITY POLICE OFFICER RINVIL why he was getting a summons, whereupon Defendant NEW YORK CITY POLICE OFFICER

-4-

ILEEN ESTEVEZ and Defendant NEW YORK CITY POLICE OFFICER VICTOR APPEL stated to the Plaintiff in sum and substance "you weren't smoking a cigarette? So we're lying?" whereupon the Plaintiff stated in sum and substance "yeah, you're lying". At this point Defendant NEW YORKCITY POLICE OFFICER RINVIL ordered the Plaintiff to turn around and place his hands behind his back. Upon hearing this order the Plaintiff stated in sum and substance "you're serious, you can't be serious?". The Plaintiff then began to place his hands behind his back, whereupon Defendant NEW YORK CITY POLICE OFFICER ILEEN ESTEVEZ, for no lawful reason or cause, proceeded to spray mace directly into the Plaintiff's face from approximately six inches away. The Plaintiff began to reach toward his face in reaction to the actions of Defendant NEW YORK CITY POLICE OFFICER ILEEN ESTEVEZ, whereupon Defendant NEW YORK CITY POLICE OFFICER RINVIL let go of the Plaintiff's hands and proceeded to grab the Plaintiff by the shirt, pulling the Plaintiff toward the ground. The Plaintiff was then thrown down a flight of stairs by named Defendant Officers, RINVIL, ESTEVEZ and APPEL. causing numerous physical injuries to Plaintiff. The Plaintiff proceeded to get up and go to a nearby store seeking assistance, where an employee gave the Plaintiff a rag for his face, which only served to exacerbate the burning in Plaintiff's eyes and face as a result of being maced by Defendant NEW YORK CITY POLICE OFFICER ESTEVEZ. The Plaintiff then saw a marked NEW YORK CITY POLICE DEPARTMENT motor-vehicle, which the Plaintiff proceeded to flag down. Two members of the NEW YORK CITY POLICE DEPARTMENT exited the vehicle and proceeded to point their weapons at the Plaintiff, ordering him to get on the ground. The Plaintiff held his hands up in the air and stated to the Officers in sum and substance "wait, stop" whereupon one of the officers, herein identified as NEW YORK CITY POLICE OFFICER JOHN DOE # ONE, proceeded to take his

baton and strike a blow towards the right side of the Plaintiff's head. The Plaintiff blocked the baton with his right hand causing injury to Plaintiff's right hand. NEW YORK CITY POLICE OFFICER JOHN DOE # ONE proceeded to strike the Plaintiff four more times with the baton. The second blow, to the right side of the Plaintiff's body, caused the Plaintiff to fall to the ground, with the next blow striking the Plaintiff on the right thigh near the knee, and the fourth blow striking the Plaintiff in the vicinity of the left elbow. The Plaintiff was then handcuffed and turned over onto his back and struck again, this time near the right eye. The Plaintiff was then dragged on the ground, picked up and put in a marked NEW YORK CITY POLCIE DEPARTMENT van. A few minutes later Defendant NEW YORKCITY POLICE OFFICER ILEEN ESTEVEZ, came over toward the van and NEW YORK CITY POLICE OFFICER JOHN DOE # ONE asked Defendant NEW YORK CITY POLICE OFFICER ILEEN ESTEVEZ, in sum and substance "is this him?" whereupon Defendant NEW YORK CITY POLICE OFFICER ILEEN ESTEVEZ stated in sum and substance "yeah, that's the motherfucker". The Plaintiff was then transported to the Police Station inside the Broadway Junction subway station. The Plaintiff was physically dragged into the station because he was incapable of walking. The Plaintiff was initially handcuffed to a chair, then he was placed in a holding cell occupied by four other individuals already in the cell. These four individuals observed the Plaintiff and immediately began yelling to members of THE NEW YORK CITY POLICE DEPARTMENT that the Plaintiff needed medical attention. Upon information and belief, no members of THE NEW YORK CITY POLICE DEPARTMENT came to the assistance of the Plaintiff. Instead a police officer in Plainclothes, herein identified as JOHN DOE # TWO, told the Plaintiff in sum and substance "I like how you hit that female cop", causing the Plaintiff to state in sum and substance "huh?" Approximately thirty minutes later EMS arrived. The EMS technicians

–6–

told the Plaintiff that they had to "wait for the truck" and that they couldn't take the Plaintiff anywhere until the arresting officer, upon information and belief, Defendant NEW YORK CITY POLICE OFFICER ALLAN RINVIL arrived. The EMS workers did not treat the Plaintiff in any manner until two other members of THE NEW YORK CITY POLICE DEPARTMENT, not named Defendant NEW YORK CITY POLICE OFFICER ALLAN RINVIL or Defendant NEW YORK CITY POLICE OFFICER ILEEN ESTEVEZ, arrived at the holding cell approximately twenty minutes later, whereupon the EMS workers began to treat the Plaintiff's injuries, while the Plaintiff remained handcuffed to the cell bars. When the EMS personnel asked the Plaintiff to walk, the Plaintiff told them that he could not walk, whereupon a member of THE NEW YORK CITY POLICE DEPARTMENT came over and un-cuffed the Plaintiff, grabbed him by the shirt, and threw him into an orange chair, re-handcuffed the Plaintiff, shackled his legs and strapped the Plaintiff to the chair. The Plaintiff was subsequently transported to Brookdale Hospital where he was treated in the Emergency room, receiving stitches to his right eyebrow, and X-rays to his right hand, ribs and legs. Upon information and belief, members of the NEW YORK CITY POLICE DEPARTMENT Internal Affairs Bureau arrived while the Plaintiff was in the hospital and interviewed and photographed the Plaintiff. The Plaintiff was subsequently admitted to the hospital overnight. The Plaintiff was transported back to the precinct on October 24, 2010, where he observed Defendant Officer ALLAN RINVIL and Defendant Officer ILEEN ESTEVEZ. Upon seeing the Plaintiff, Defendant NEW YORK CITY POLICE OFFICER ILEEN ESTEVEZ stated in sum and substance "where were you? You know I bought lunch with your five dollars." The Plaintiff was subsequently fingerprinted and photographed by members of THE NEW YORK CITY POLICE DEPARTMENT. The Plaintiff was eventually transported to Central Booking where he was arraigned before a Judge

–7–

on a Criminal Court Complaint, the contents of which, and charges thereon upon information and belief, were sworn to by Defendant NEW YORK CITY POLICE OFFICER ALLAN RINVIL and Defendant NEW YORK CITY POLICE OFFICER ILEEN ESTEVEZ, resulting in bail being set at Five Thousand Dollars($5,000.00), which the Plaintiff was unable to post. The Plaintiff was held in custody pending Grand Jury action until the criminal case against the Plaintiff was dismissed by the Grand Jury on November 5, 2010, however the Plaintiff was not released from custody until November 6, 2010. As a result of all of the aforementioned the Plaintiff lost his employment, suffered physical injuries and emotional upset as a result of the abovementioned allegations.

### Second Incident

12. On March 7, 2013 at approximately 5:30 a.m. inside 530 East 146th Street in Bronx County, members of THE NEW YORK CITY POLICE DEPARTMENT, including named Defendant Officers NEW YORK CITY POLICE OFFICER JOSEPH KRUK, shield number 31975 of PSA-7, NEW YORK CITY POLICE OFFICER ANTHONY RENDO, shield number 14109 of PSA-7 and NEW YORK CITY POLICE OFFICER LUKE PAULSON, shield number 18254 of PSA-7 arrived at the Plaintiff's girlfriend's apartment.   Upon information and belief, the aforementioned Defendant Officers did not possess an arrest warrant for the Plaintiff or a search warrant for the premises. Upon information and belief when the Plaintiff opened the front door Defendant NEW YORK CITY POLICE OFFICERS JOSEPH KRUK and ANTHONY RENDO immediately began dragging the Plaintiff out of the residence, slamming the Plaintiff against a wall and handcuffing the Plaintiff without explanation. The Plaintiff was subsequently transported to the PSA-7 precinct where named Defendant Officers KRUK, RENDO and PAULSON, unnecessarily and without justification or provocation, grabbed the plaintiff by the shirt, pulled the Plaintiff out of

a holding cell, and slammed the Plaintiff into a metal gate, face first, breaking two of the Plaintiff's

front teeth and fracturing the Plaintiff's nose, requiring treatment at a local area hospital and causing

the Plaintiff to suffer extreme physical pain and physical injury without lawful reason or cause.

## FIRST FEDERAL CLAIM

## Violation of the Rights Secured by Section 42 U.S.C. 1983 and the Fourth and Fourteenth Amendments to the United States Constitution, False Arrest.

13. The Plaintiff incorporates by reference the allegations set forth in paragraphs One (1)
through Twelve (12) as if fully set forth herein.

14. Upon information and belief, the conduct of Defendant NEW YORK CITY POLICE

OFFICER ALLAN RINVIL, acting under color of State Law, violated section 42 U.S.C. 1983 by

unlawfully arresting the Plaintiff, without lawful cause or reason.

15. That the actions of Defendant NEW YORK CITY POLICE OFFICER ALLAN RINVIL

occurred in and during the course and scope of his duties and functions as a New York City Police

Officer, and while acting as an agent and employee of THE NEW YORK CITY POLICE

DEPARTMENT and Defendant CITY OF NEW YORK, resulting in the aforementioned and

hereinafter mentioned harm to Plaintiff.

## SECOND FEDERAL CLAIM

## Violation of rights secured by Section 42 U. S.C. 1983 and the Fourteenth Amendment to the United States Constitution, Excessive Force, Assault

16. The Plaintiff incorporates by reference the allegations set forth in paragraphs One (1)
through Fifteen (15) as if fully set forth herein.

17. Upon information and belief, the conduct of Defendant NEW YORK CITY POLICE

–9–

OFFICER ALLAN RINVIL acting under color of State Law violated Section 42 U.S.C. 1983 by unlawfully using Excessive Force upon Plaintiff by throwing Plaintiff down a flight of stairs without lawful reason or cause, resulting in physical injury to Plaintiff.

18. That the actions of Defendant NEW YORK CITY POLICE OFFICER ALLAN RINVIL occurred in and during the scope of his duties and functions as a New York City Police Officer, and while acting as an agent and employee of THE NEW YORK CITY POLICE DEPARTMENT and Defendant CITY OF NEW YORK resulting in the aforementioned and hereinafter mentioned harm to Plaintiff.

### THIRD FEDERAL CLAIM

**Violation of the rights secured by Section 42 U.S.C. 1983 and the Fourth and Fourteenth Amendments to the United States Constitution- False Arrest**

19. The Plaintiff incorporates by reference the allegations set forth in paragraphs One (1) through Eighteen (18) as if fully set forth herein.

20. Upon information and belief, the conduct of Defendant NEW YORK CITY POLICE OFFICER ILEEN ESTEVEZ acting under color of State Law violated Section 42 U.S.C. 1983 by unlawfully arresting the Plaintiff and placing him under arrest, without lawful reason or cause.

21. That the actions of Defendant NEW YORK CITY POLICE OFFICER ILEEN ESTEVEZ occurred in and during the scope of his duties and functions as a New York City Police Officer, and while acting as an agent and employee of THE NEW YORK CITY POLICE DEPARTMENT and Defendant CITY OF NEW YORK resulting in the aforementioned and hereinafter mentioned harm to Plaintiff.

### FOURTH FEDERAL CLAIM

**Violation of the rights secured by section 42 U.S.C. 1983 and the Fourth and Fourteenth**

**Amendments to the United States Constitution- Excessive Force, Assault**

22.  The Plaintiff incorporates by reference the allegations set forth in paragraphs One (1) through Twenty One (21) as if fully set forth herein.

23.  Upon information and belief, the conduct of NEW YORKCITY POLICE OFFICER ILEEN ESTEVEZ acting under color of State law, violated Section 42 U.S.C. 1983 by unlawfully using excessive force upon the Plaintiff without lawful reason or cause, by macing the Plaintiff in the face and eyes and face and throwing the Plaintiff down a flight of stairs.

24.  That the actions of Defendant NEW YORK CITY POLICE OFFICER ILEEN ESTEVEZ occurred in and during the scope of his duties and functions as a New York City Police Officer, and while acting as an agent and employee of THE NEW YORK CITY POLICE DEPARTMENT and Defendant CITY OF NEW YORK, resulting in the aforementioned and hereinafter mentioned harm to the Plaintiff.

### FIFTH FEDERAL CLAIM

**Violation of the Rights Secured by Section 42 U.S.C. 1983 and the Fourth, Fifth and**

**Fourteenth Amendments to the United States Constitution- Malicious Prosecution**

25.  The Plaintiff incorporates by reference the allegations set forth in paragraphs One (1) through Twenty Four (24) as if fully set forth herein.

26.  Upon information and belief, the conduct of Defendant NEW YORK CIITY POLICE OFFICER ALLAN RINVIL, acting under color of State Law, violated Section 42 U.S.C. 1983 by falsely and maliciously accusing the Plaintiff of violating felony statutes of the laws of New York State without basis in fact and without lawful reason or cause, resulting in the aforementioned and

hereinafter mentioned harm to the Plaintiff.

27. That the actions of Defendant NEW YORK CITY POLICE OFFICER ALLAN RINVIL occurred in and during the course and scope of his duties, functions and employment as a New York City Police Officer, and while acting as an agent and employee of the NEW YORK CITY POLICE DEPARTMENT and Defendant CITY OF NEW YORK, resulting in the aforementioned and hereinafter mentioned harm to Plaintiff.

## SIXTH FEDERAL CLAIM

**Violation of the Rights Secured by Section 42 U.S.C. 1983 of the Fourth, Fifth and Fourteenth Amendments to the United States Constitution-Malicious Prosecution**

28. The Plaintiff incorporates by reference each of the allegations contained in paragraphs One (1) through Twenty Seven (27) as if fully set forth herein.

29. Upon information and belief, the conduct of defendant NEW YORK CITY POLICE OFFICER ILEEN ESTEVEZ, acting under the color of State Law, violated Section 42 U.S.C. 1983 by falsely and maliciously accusing the Plaintiff of violating felony statutes of the laws of New York State without basis in fact and without lawful reason or cause, resulting in the aforementioned and hereinafter mentioned harm to Plaintiff.

30. That the actions of Defendant NEW YORK CITY POLICE OFFICER ILEEN ESTEVEZ occurred in and during the scope of her duties, functions and employment as a New York City Police Officer, and while acting as an agent and employee of THE NEW YORK CITY POLICE DEPARTMENT and Defendant CITY OF NEW YORK, resulting in the aforementioned and hereinafter mentioned harm to Plaintiff.

## SEVENTH FEDERAL CLAIM

**Violation of Rights Secured by Section 42 U.S.C. 1983 and the Fourth and Fourteenth**

**Amendments to the United States Constitution-Excessive Force, Assault**

31. The Plaintiff incorporates by reference the allegations contained in paragraphs One (1) through Thirty (30) as if fully set forth herein.

32. Upon information and belief, the conduct of Defendant NEW YORK CITY POLICE OFFICER VICTOR APPEL, acting under color of State law, violated Section 42 U.S.C. 1983 by unlawfully using excessive force upon the Plaintiff without lawful reason or cause, by throwing the Plaintiff down a flight of stairs.

33. That the actions of Defendant NEW YORK CITY POLICE OFFICER VICTOR APPEL occurred in and during the scope of his duties and functions as a New York City Police Officer, and while acting as an agent and employee of THE NEW YORK CITY POLICE DEPARTMENT and Defendant CITY OF NEW YORK, resulting in the aforementioned and hereinafter mentioned harm to the Plaintiff.

## EIGHTH FEDERAL CLAIM

**Violation of the Rights Secured by Section 42 U.S.C. 1983 and the Fourth and Fourteenth**

**Amendments to the United States Constitution-Excessive Force, Assault**

34. The Plaintiff incorporates by reference the allegations set forth in paragraphs One (1) through Thirty Three (33) as if fully set forth herein.

35. Upon information and belief, the conduct of Defendant NEW YORK CITY POLICE OFFICER JOSEPH KRUK, acting under color of State law, violated Section 42 U.S.C. by unlawfully using excessive force upon the Plaintiff without reason or cause by striking the Plaintiff's face against a metal gate causing the Plaintiff to suffer broken teeth and a nasal fracture.

36. That the actions of Defendant NEW YORK CITY POLICE OFFICER JOSEPH KRUK

occurred in and during the scope of his duties and functions as a New York City Police Officer, and

while acting as an agent and employee of THE NEW YORK CITY POLICE DEPARTMENT and

Defendant CITY OF NEW YORK, resulting in the aforementioned and hereinafter mentioned harm

to the Plaintiff.

### NINTH FEDERAL CLAIM

### Violation of the Rights Secured by Section 42 U.S.C. 1983 and the Fourth and Fourteenth

### Amendments to the United States Constitution- Excessive Force, Assault

37. The Plaintiff incorporates by reference the allegations set forth in paragraphs One (1)

through Thirty Six (36) as if fully set forth herein.

38. Upon information and belief, the conduct of Defendant NEW YORK CITY POLICE

OFFICER ANTHONY RENDO acting under color of State law, violated Section 42 U.S.C. 1983 by

unlawfully using excessive force upon the Plaintiff without lawful reason or cause by striking the

Plaintiff's face against a metal gate causing the Plaintiff to suffer broken teeth and a nasal fracture.

39. That the actions of Defendant NEW YORK CITY POLICE OFFICER ANTHONY

RENDO occurred in and during the scope of his duties and functions as an agent and employee of

the NEW YORK CITY POLICE DEPARTMENT and Defendant CITY OF NEW YORK, resulting

in the aforementioned and hereinafter mentioned harm to the Plaintiff.

### TENTH FEDERAL CLAIM

### Violation of the Rights Secured by Section 42 U.S.C. 1983 and the Fourth and Fourteenth

### Amendments to the United States Constitution- Excessive Force, Assault

40. The Plaintiff incorporates by reference the allegations set forth in paragraphs One (1)

through Thirty Nine (39) as if fully set forth herein.

41. Upon information and belief, the conduct of Defendant NEW YORK CITY POLICE OFFICER LUKE PAULSON acting under color of State law, violated Section 42 U.S.C. 1983 by unlawfully using excessive force upon the Plaintiff without lawful reason or cause, by striking the Plaintiff's face against a metal gate causing the Plaintiff to suffer broken teeth and a nasal fracture.

42. That the actions of Defendant NEW YORK CITY POLICE OFFICER LUKE PAULSON occurred in and during the scope of his duties and functions as a New York City Police Officer, and while acting as an agent and employee of THE NEW YORK CITY POLICE DEPARTMENT and Defendant CITY OF NEW YORK, resulting in the aforementioned and hereinafter mentioned harm to the Plaintiff.

**WHEREFORE,** the Plaintiff demands the following relief jointly and severably against all Defendants:

1. Compensatory Damages for Plaintiff.

2. Punitive Damages against Defendants NEW YORK CITY POLICE OFFICERS ALLAN RINVIL of the TRANSIT BUREAU, ILEEN ESTEVEZ of the TRANSIT BUREAU, VICTOR APPEL of the TRANSIT BURREAU, JOSEPH KRUK of PSA-7, ANTHONY RENDO of PSA-7 and LUKE PAULSON of PSA-7.

3. A Court Order pursuant to 42 U.S.C. 1998 that the Plaintiff is entitled to costs of the instant action, and Attorney's fees.

4. Such other and further relief as the Court may deem necessary and appropriate, including declaratory relief.

Dated: October 22, 2013
New York, NY

VICTOR M. BROWN, ESQ.
(VB-5289)
Attorney for Plaintiff
11 Park Place, Suite 600
New York, NY 10007
(212) 227-7373
Fax(212) 227-2330
E: vbrownlaw@yahoo.com